48 F.3d 1223
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Shan GACHOT, Plaintiff-Appellee,
v.
PULASKI COUNTY SHERIFF DEPARTMENT, Defendant-Appellant.
 No. 94-2020.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 12, 1994.
Filed: Feb. 8, 1995.
 
 Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Shan Gachot sued his former employer, the Pulaski County Sheriff Department ("Department"), alleging that he was constructively discharged because of his race in violation of Title VII. 42 U.S.C. Sec. 2000e et seq. A jury found in favor of Gachot, and the Department appeals from the resulting adverse judgment. For reversal, the Department argues that the district court[1] erred in instructing the jury and denying the Department's motion for judgment as a matter of law or a new trial. We affirm.
 
 I. BACKGROUND
 
 2
 In August 1988, the Department hired Shan Gachot, who is of Native American ancestry, as a correction officer. The Department assigned Gachot to work in the pod units of the jail, and approximately six months later, transferred him to the book-in section. Sergeant Melvin Jones was Gachot's shift commander and immediate supervisor. In March 1991, Gachot requested to be transferred back to the pod units, and Jones denied his request. After Gachot repeated his request, the Department transferred him to the pod units. In February 1992, Gachot resigned from the Department. Gachot received his right-to-sue letter from the Equal Employment Opportunity Commission and filed this lawsuit against the Department, alleging that he was constructively discharged as a result of racial harassment and discrimination.
 
 
 3
 At trial, Gachot testified that his co-workers and supervisors in the book-in section had made racial epithets and jokes about Native Americans. When Gachot informed them that he found these comments offensive, his co-workers refrained from making racial remarks, but Jones continued. Gachot and Tressie Gilbert, an African American co-worker, testified that Jones discriminated against minority employees regarding vacation and leave time. Gachot testified that even after he was transferred from the book- in section, Jones continued to harass him. As examples, Gachot testified that Jones: accused him of abusing his sick leave; changed his days off without notice and forced him to cancel a planned vacation; and sent him on a routine errand in order to cause him to miss a promotion interview. Although Gachot claimed that he made numerous attempts to report these problems to Jones' superior officers, his grievances were blocked because Jones was his immediate superior in the Department's administrative hierarchy. When Gachot eventually spoke with Jones' supervisors and complained about the racial slurs and harassment, the Department failed to respond.
 
 
 4
 The Department argued that Gachot had participated in the racial name-calling and that he only objected when Jones was involved because he did not like Jones. The Department claimed that Jones was "over-authoritarian" and harassed everyone, not just minority employees. The Department's supervisors testified that Gachot had mentioned "the racial thing about me being an Indian," but that he had failed to elaborate and that he had never specifically complained about racial harassment.
 
 
 5
 After a two-day trial, the jury found in favor of Gachot and awarded him $24,727.00 in backpay.[2] The Department appeals, arguing that the district court erred in instructing the jury and denying its motion for judgment as a matter of law or a new trial.
 
 II. DISCUSSION
 A. Jury Instructions
 
 6
 We review the district court's instructions to the jury "as a whole to determine whether they fairly and adequately instruct the jury as to the substantive law." Brown v. Stites Concrete, Inc., 994 F.2d 553, 559 (8th Cir. 1993) (en banc). The district court has wide discretion in formulating jury instructions. Id.
 
 
 7
 On appeal, the Department complains that the district court failed to instruct the jury on the elements of a hostile environment claim. The Department also complains that the district court failed to give an instruction requiring that Jones' superior officers knew or should have known about Gachot's grievances.
 
 
 8
 We conclude that the jury was adequately instructed on the elements of a constructive discharge claim and that the Department was not entitled to an instruction on a hostile environment claim. Although the Department essentially complains that the district court did not explain to the jury whether the "defendant" in the instructions was Jones or his supervisors, we have reviewed the Department's proffered instructions and find that the Department did not request such an instruction.
 
 
 9
 B. Judgment as a Matter of Law or a New Trial
 
 
 10
 A motion for judgment as a matter of law presents the legal question whether there is sufficient evidence to support the jury's verdict. Smith v. World Ins. Co., 38 F.3d 1456, 1460 (8th Cir. 1994). In reviewing the district court's denial of a motion for judgment as a matter of law, we apply the following standard:
 
 
 11
 We view the evidence in the light most favorable to the prevailing party and must not engage in a weighing or evaluation of the evidence or consider questions of credibility. Judgment as a matter of law is appropriate only when all of the evidence points one way and is susceptible of no reasonable inference sustaining the position of the nonmoving party.
 
 
 12
 Id. (quotations omitted). In reviewing the district court's denial of a motion for a new trial, we will not reverse in the absence of a clear abuse of discretion. Id.
 
 
 13
 We conclude that there was sufficient evidence to support the jury's verdict that the Department discriminated against Gachot based on his race. The jury ultimately afforded greater credit to Gachot's view of the facts, and we cannot change the outcome simply because the Department is able to present a different view.
 
 III. CONCLUSION
 
 14
 We affirm the district court's judgment.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Court Judge for the Eastern District of Arkansas
 
 
 [2]
 Because Gachot had secured other employment, front pay and reinstatement were not issues at trial